IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILD APPLE, INC. dba | ) | |
| EIGHT SUSHI LOUNGE | ) | |
| | ) | |
|     Plaintiff | ) | |
| v. | ) | Case No.: |
| | ) | |
| SUBURBAN NIGHTS II, INC. dba | ) | |
| TEN SUSHI LOUNGE, | ) | |
| SUBURBAN NIGHTS, LLC | ) | _____ |
| WIYONO KURNIAWAN, and | ) | |
| HENDRY KARTASURYA | ) | |
| | ) | |
|     Defendants. | ) | |

## **COMPLAINT**

Wild Apple, Inc. d/b/a Eight Sushi Lounge, ("Eight Sushi") files this Complaint against Suburban Nights II, Inc., Wiyono Kurniawan, and Hendry Kartasurya (hereinafter "Defendants") as follows:

## **Introduction**

1.

Eight Sushi is forced to file this action because Defendants refuse to discontinue use of clearly infringing trademarks.

2.

Eight Sushi is the owner of a federal trademark registration for EIGHT SUSHI LOUNGE for use in connection with restaurant services featuring sushi.

3.

Defendants provide an identical service – although of inferior quality – as Eight Sushi does, and Defendants market their services under the trademark TEN SUSHI LOUNGE.

4.

Clearly, TEN SUSHI LOUNGE is confusingly similar to EIGHT SUSHI LOUNGE. Yet, despite Eight Sushi Lounge's federal registration of EIGHT SUSHI LOUNGE and in disregard of Eight Sushi Lounge's urgings which began at least as early as October 31, 2022, Defendants have continued to use TEN SUSHI LOUNGE to promote their services.

5.

Also, like Eight Sushi Lounge, Defendants have adopted a logo with a look-and-feel and overall commercial impression that are nearly identical to Eight Sushi Lounge's logo:

|  |  |
|---|---|

6.

Without Eight Sushi Lounge's permission, Defendants have also been using and continue to use Eight Sushi Lounge's trade dress to trade off the popularity of Eight Sushi Lounge's goodwill and brand equity. Defendants are utilizing the same layout of the bar back, wood paneling throughout the walls, stained black floor, industrial look and feel, and curved back, natural wood-colored chairs in addition to identical food items at similar price points.

**Parties**

7.

Wild Apple, Inc. is a Georgia corporation, formed on June 28, 2012 by Kooi Kong Chai.

8.

Defendant Suburban Nights II, Inc. d/b/a Ten Sushi Lounge ("Ten Sushi Lounge") is a Georgia Corporation, formed on August 24, 2022 with its principal place of business at 380 Chambers Street, Woodstock, GA 30188.

9.

Defendant Ten Sushi Lounge can be served with process through its registered agent, ABC Taxes Inc. at 2302 Parklake Drive NE, Suite 214, Atlanta, GA 30345.

10.

Defendant Suburban Nights, LLC ("Suburban Nights") is a Georgia Limited Liability Company, formed on May 1, 2012 with its principal place of business at 380 Chambers Street, Woodstock, GA 30188.

11.

Defendant Suburban Nights can be served with process through its registered agent John Michael Miller at 1033 Sandy Plains Road, Marietta, GA 30066.

12.

Defendant Wiyono Kurniawan ("Kurniawan") is an individual and resident of the State of Georgia who may be served with a copy of this lawsuit at 1745 Hickory Woods Pass, Marietta, GA 30066.

13.

Defendant Hendry Kartasurya ("Kartasurya") is an individual and resident of the State of Georgia who may be served with a copy of this lawsuit at 209 Revillion Way, Woodstock, GA 30188.

## **Jurisdiction**

14.

This action arises under the Lanham Trademark Act (15 U.S.C. §§ 1051-1127). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and under its supplemental jurisdiction of 28 U.S.C. § 1367, the counts of which concern acts of trademark

infringement, false designation of origin, and unfair competition under the Lanham Act, and trademark infringement and unfair competition under the laws of the State of Georgia.

15.

The Court has supplemental jurisdiction over Eight Sushi Lounge's state law claims based on 28 U.S.C. § 1367, because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

16.

Defendants are all residents of the state of Georgia and are thus subject to the general personal jurisdiction of the courts located in Georgia.

17.

The Court has personal jurisdiction over Defendant Ten Sushi Lounge and Suburban Nights because Defendant Ten Sushi Lounge and Suburban Nights own, use and possess real property in the State of Georgia and transacts business within the State of Georgia. Further, this court has personal jurisdiction over Defendants because Defendants have deliberately and intentionally marketed and sold or caused to be marketed and sold the infirming services in the State of Georgia and to Plaintiff's customers therein.

18.

Defendants are cognizant that their wrongful conduct harmed and continues to harm Eight Sushi Lounge in Georgia, where Eight Sushi Lounge is based.

19.

The Defendants are also subject to personal jurisdiction in this Court because they committed tortious acts (namely, trademark infringement and unfair competition) in the State of Georgia and have committed a tortious injury in this state and regularly transacts and solicits business in the State of Georgia.

**Venue**

20.

Venue is proper here because Defendants reside and have its principal place of business in this judicial district. Venue is also proper because a substantial part of Defendants' infringing activities that give rise to this dispute occurred in this judicial district. (28 U.S.C. §§ 1391(a)(2) and 1391(b)(2)).

**Statement of Facts**

Eight Sushi Lounge and its Federally Registered and Common Law Trademark

21.

Eight Sushi Lounge started operating in August of 2015.

22.

The business has grown from a modest new restaurant specializing in sushi to one of the hottest sushi restaurants in Georgia winning awards such as "Best 'Overall Cuisine'" by OpenTable users, Secret Atlanta's number one spot on its list of "15 Sensational Sushi Restaurants in Atlanta, Chosen by Atlantans", Jezebel's 100 Hottest Restaurants, What Now Atlanta's Elite 100 and making Uncover Atlanta's list of The 13 Best Sushi Spots in Atlanta. In addition to these accolades, Eight Sushi Lounge has a 4.7 star rating on Google with over $1,500 reviews, 4.5 star rating on Yelp with over 1,200 reviews, a 4.7 star rating on OpenTable with over 970 reviews and

a 5 star rating on TripAdvisor with nearly 200 reviews and ranking of the number one sushi restaurant in Atlanta.

23.

Eight Sushi Lounge began using its federally registered trademark EIGHT SUSHI LOUNGE on August 1, 2015 in connection with restaurant services.

24.

On February 15, 2016, Eight Sushi Lounge filed an application to register with mark EIGHT SUSHI LOUNGE with the United States Patent and Trademark Office. The mark was registered with the Trademark Office on September 27, 2016 (the "Registered Mark"). A true and correct copy of the Certificate of registration is attached hereto as Exhibit 1.

25.

To promote its business, Eight Sushi Lounge has used the Registered Mark in many ways, including on its website at <eightsushiatl.com>, on social media sites including, Facebook (facebook.com/EightSushiATL) and Instagram (instagram.com/eightsushiatl), on signage displayed a its permanent location, its menu, reservation booking websites, on business cards and on other marketing materials including but not limited to feature stories, magazine coverage, mailers, video shoots and local network television coverage.

26.

In addition to its Registered Mark, Eight Sushi Lounge has used its logo in commerce since at least April of 2015 (the "Common Law Mark").

27.

Eight Sushi Lounge has used the Common Law Mark in connection with its restaurant services, including on its website at <eightsushiatl.com>, on social media sites including,

Facebook (facebook.com/EightSushiATL) and Instagram (instagram.com/eightsushiatl), on Yelp (yelp.com/biz/eight-sushi-lounge-atlanta), on signage displayed at its permanent location, its menu, reservation booking websites, on business cards and on other marketing materials including but not limited to feature stories, magazine coverage, mailers, video shoots and local network television coverage.

28.

Eight Sushi Lounge markets is restaurant services to individuals and businesses looking for food with a Japanese flare with creative, contemporary touches on the food in a modern space sporting a slick design, private parties or large groups seeking a night out, and individuals and businesses in need of catering for their next event.

29.

Prior to opening in 2015, Eight Sushi Lounge hired an architect and interior designer to custom design its space to match its contemporary and modern cuisine.

30.

Eight Sushi Lounge custom creates all of its menu items and recipes and takes reasonable steps to maintain the secrecy of all of the recipes.

Defendants and their Infringement

31.

Defendants began using the name Ten Sushi Lounge on or around December 2021 and in commerce on or around July 2, 2022. Defendants' services include restaurant sushi services.

32.

Defendants use the Infringing Marks to promote their restaurant services at least in the following ways: on their website <tensushilounge.com>, on social media sites including Facebook

(facebook.com/profile.php?id=100076439311598)                 and                 Instagram (instagram.com/tensushilounge/),   on   Yelp   (yelp.com/biz/ten-sushi-lounge-woodstock),   on signage displayed at its permanent location and its menu.

33.

In addition to Defendants' use of the Infringing Marks on its menu, Defendants use nearly identical menu items that are unique to Eight Sushi Lounge including but not limited to menu items referenced in the demand letter sent to Ten Sushi on October 31, 2022 and attached hereto as Exhibit 2.

34.

In addition to Defendants' Infringing Marks being nearly identical in appearance to Eight Sushi Lounge's Marks, the food Defendants sell is nearly identical to the ones Eight Sushi Lounge sells.

35.

In addition to Defendants' Infringing Marks being nearly identical in appearance to Eight Sushi Lounge's Marks, the trade channels are the same since Defendants restaurant is proximal to Eight Sushi Lounge's longstanding location.

36.

Because the food both Parties sell is relatively inexpensive, consumers are not careful to discern between these two sellers.

37.

 The appearance of Eight Sushi Lounge's restaurant is unique and consumers have been confused by Defendants' copycat restaurant.

38.

8

Defendant Kartasurya is a former employee of Eight Sushi Lounge who has ill-will and bad intent toward Eight Sushi Lounge.

39.

Defendant Kartasurya has contacted Eight Sushi Lounge's employees to poach them from Eight Sushi Lounge and employ them with Defendants and, on information and belief, to acquire confidential information and trade secrets of Eight Sushi Lounge thereby.

40.

On information and belief, Defendants have intentionally attempted to purloin and copy Eight Sushi Lounge's business model, trademarks, trade dress, trade secrets and customers, with the deliberate intent of confusing the marketplace and trading on Eight Sushi Lounge's nonpareil reputation for quality.

41.

On information and belief, Defendants Kartasurya and Kurniawan direct, control, ratify, participate in and are the moving, conscious force behind the use of the Infringing Marks and trade dress and actively and knowingly caused the infringement.

42.

Customers have been confused by Defendants' unauthorized use of the Eight Sushi Lounge Marks with the mistaken belief that Eight Sushi Lounge is affiliated with Defendants.

Additional Background

43.

Defendant Kartasurya began working with Eight Sushi Lounge in 2015 when Eight Sushi Lounge originally opened, and prior to this, he also worked with the owners of Eight Sushi Lounge at a sister restaurant named Rice.

44.

Defendant Kartasurya was formerly employed by Eight Sushi Lounge.

45.

In May of 2021, Defendant Kartasurya left Eight Sushi Lounge to pursue new opportunities.

46.

Upon information and belief, Defendant Kartasurya took a position with Ten Sushi Lounge.

47.

On information and belief, Defendants deliberately intended to trade on Eight Sushi Lounge's goodwill and reputation in the industry in which Plaintiff and Defendants both operate.

48.

The infringing services manifestly intend to create an association between the name EIGHT SUSHI LOUNGE and services in the restaurant industry.

49.

Defendants have never obtained permission to use or license the Eight Sushi Lounge Marks, or any other marks or designs confusingly similar thereto, for use on or in connection with any goods or services, including on the infringing services.

50.

Eight Sushi Lounge has corresponded in good faith with Defendants on several occasions to demand that Defendants immediately cease all marketing and sales of the infringing services under the Infringing Mark.

51.

Notwithstanding Defendants' awareness of Eight Sushi Lounge's rights in the Eight Sushi Lounge's Marks and Eight Sushi Lounge's business, Defendants have refused to cease their unlawful actions.

52.

By using the Infringing Marks in connection with their competing and infringing services, Defendants seek to confuse and deceive the trade and the consuming public as to the source or origin of the infringing services and the genuine Eight Sushi Lounge's services.

53.

On information and belief, Defendants intended to free-ride on the goodwill represented by the Eight Sushi Lounge Marks developed by Eight Sushi Lounge when they adopted the Infringing Marks.

54.

Defendants culpably disregarded the risk of confusion to the public in their adoption of the Infringing Marks.

55.

On information and belief, Defendants therefore knowingly, willfully, intentionally, and maliciously adopted and used the infringing mark for marketing and selling the infringing services, knowing that such use would mislead, deceive, and generate confusion among the consuming public.

The Harm to Eight Sushi Lounge as a Result of Defendants' Unlawful Conduct

56.

Both Eight Sushi Lounge and Defendants provide identical services to identical customers in the food services industry.

57.

Upon information and belief, Defendants have intentionally and willfully directed their advertising, promotional and sales efforts at the same customers as Eight Sushi Lounge's, including through the use of the infringing website and social media pages, in an effort to capitalize on Eight Sushi Lounge's commercial goodwill.

58.

Defendants' infringing services are identical to the services offered under the Eight Sushi Lounge Marks.

59.

Thus, Defendants' use of the Infringing Marks is likely to cause the consuming public to be deceived and to erroneously assume that the parties respective services are in some way connected with one another.

60.

Given Defendants' cavalier attitude toward intellectual property infringement and Eight Sushi Lounge's manifestly superior rights in the Eight Sushi Lounge Marks, Defendants put at risk and damage Eight Sushi Lounge's reputation, goodwill, and ability to market and promote its goods and services.

61.

Defendants' unauthorized use of the identical infringing mark has injured Eight Sushi Lounge's interests and will continue to do so unless enjoined.  Specifically, Defendants (a) have damaged and continue to damage Eight Sushi Lounge's rights and valuable goodwill in the Eight Sushi Lounge Marks; and (b) have injured and continue to injure Eight Sushi Lounge's right to

use and license the Eight Sushi Lounge Marks as the exclusive indicia of origin of Eight Sushi Lounge's goods and services.

62.

All conditions precedent to the filing of this action have occurred or have been waived or excused.

63.

As a result of the wrongful conduct by Defendants alleged herein, Eight Sushi Lounge has been forced to engage its counsel of record to enforce its rights in connection with the trademarks at issue. Its counsel is accordingly entitled to its reasonable attorneys' fees and costs in connection with these legal services.

## **COUNTS**

### **Count I**
### **Infringement of Federal Registered Mark (15 U.S.C. §1114)**

64.

Eight Sushi Lounge repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

65.

The Eight Sushi Lounge Registration for EIGHT SUSHI LOUNGE is valid and subsisting, and is *prima facie* evidence of the validity of the EIGHT SUSHI LOUNGE mark, of Eight Sushi Lounge's ownership of the EIGHT SUSHI LOUNGE mark, and of Eight Sushi Lounge's exclusive right to use the EIGHT SUSHI LOUNGE mark for the services enumerated in the Eight Sushi Lounge Registration, including but not limited to restaurant services featuring sushi. By virtue of the Eight Sushi Lounge Registration, the EIGHT SUSHI LOUNGE mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

66.

Defendants' use of TEN SUSHI LOUNGE, a confusingly similar mark, is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are provided by Eight Sushi Lounge, affiliated with Eight Sushi Lounge, are associated with Eight Sushi Lounge or otherwise connected to Eight Sushi Lounge, or have Eight Sushi Lounge's sponsorship, endorsement, or approval for use.

67.

Defendants' actions – most significantly, its refusal to stop use of the Infringing Mark (as described above) – demonstrate that its infringement is intentional, willful, and malicious, and was for the purpose of misleading the consuming public. These willful actions are in violation of the Lanham Act, 15 U.S.C. § 1114(1).

68.

As a result of Defendant's infringement, as described above, the consuming public is certain to continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendants' services marketed under the TEN SUSHI LOUNGE name.

69.

Eight Sushi Lounge has been damaged by the aforementioned acts in an amount to be determined at trial. Defendants' adoption and use of the TEN SUSHI LOUNGE name for competing restaurant services is confusingly similar to Eight Sushi Lounge's EIGHT SUSHI LOUNGE mark and was undertaken by Defendants intentionally, willfully, and in bad faith. Therefore, Eight Sushi Lounge is entitled to recover from Defendants treble damages and attorneys' fees.

70.

In addition, Defendants' conduct, if it continues, will result in irreparable harm to Eight Sushi Lounge and, specifically, to the goodwill associated with the Eight Sushi Lounge Marks, unless such conduct is enjoined.

**COUNT II**
**Infringement of Trademark, False Designation of Origin and Unfair Competition under the Lanham Act (15 U.S.C. § 1125)**

71.

Eight Sushi Lounge repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

72.

Through Eight Sushi Lounge's long-standing, widespread, continuous, and exclusive use of the Eight Sushi Lounge Marks in commerce, the Eight Sushi Lounge Marks have become impressed upon the minds of the relevant trade and consuming public as identifying Eight Sushi Lounge and indicating the source of origin of the Eight Sushi Lounge Services as coming from Eight Sushi Lounge.

73.

Eight Sushi Lounge has built a valuable business in its use of the Eight Sushi Lounge Marks, and the goodwill associated with Eight Sushi Lounge, and Eight Sushi Lounge alone, is of great value to Eight Sushi Lounge. The Eight Sushi Lounge Marks have or have developed secondary meaning in the minds of the consuming public in the field of restaurant services, and have come to indicate to the consuming public that the particular services bearing the Eight Sushi Lounge Marks originate from Eight Sushi Lounge.

74.

Eight Sushi Lounge has used the EIGHT SUSHI LOUNGE mark continuously in commerce since at least 2015.

75.

Defendants' use of the Infringing Mark results in direct confusion as to the origin of Eight Sushi Lounge services.

76.

Defendants' use of TEN SUSHI LOUNGE constitutes false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is certain to continue to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Eight Sushi Lounge, and/or as to the origin, sponsorship or approval of Defendants' services, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' conduct as described herein also constitutes an attempt to trade on the substantial goodwill that Eight Sushi Lounge has developed in the Eight Sushi Lounge Marks, all to the damage of Eight Sushi Lounge.

77.

Defendants' use in commerce of designations which are confusingly similar to the Eight Sushi Lounge Marks, despite having actual and constructive notice of Eight Sushi Lounge' prior rights in and to the Eight Sushi Lounge Marks, constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about its services and commercial activities.

78.

Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Eight Sushi Lounge.

## COUNT III
## Common Law Trademark Infringement under Georgia Law

79.

Eight Sushi Lounge repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

80.

Through the long-standing, continuous, and exclusive use of the Eight Sushi Lounge Marks in commerce, the relevant trade and consuming public have come to understand the Eight Sushi Lounge Marks as identifying Eight Sushi Lounge and indicating the source of origin of the Eight Sushi Lounge services as coming from Eight Sushi Lounge.

81.

Eight Sushi Lounge has built a valuable business in its use of the Eight Sushi Lounge Marks, and the goodwill associated with Eight Sushi Lounge of great value to Eight Sushi Lounge. The Eight Sushi Lounge Marks have come to indicate to the trade and consuming public that the particular services bearing the Eight Sushi Lounge Marks originate from Eight Sushi Lounge.

82.

Defendants' unauthorized use of the infringing mark is likely to cause, and has caused, confusion in the marketplace between the parties' respective services.

83.

Defendants' infringement of Eight Sushi Lounge's Eight Sushi Lounge Marks is in willful and wanton disregard of Eight Sushi Lounge's rights in and to the same, and without the consent of Eight Sushi Lounge.

## COUNT V
## Unfair Competition and Deceptive Trade Practices Based on Georgia Law

84.

Eight Sushi Lounge repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

85.

Defendants have engaged and continue to engage in fraudulent and deceptive acts and practices in violation of O.C.G.A. §§ 10-1-370 *et seq*. and 23-2-55.

86.

Defendants have used and are using the Infringing Mark which is confusingly similar to the EIGHT SUSHI LOUNGE mark in connection with similar services for which Eight Sushi Lounge uses its Eight Sushi Lounge Marks. Therefore, Defendants' uses of the Infringing Mark misrepresent the source, sponsorship, approval, or certification of its services.

87.

Defendants' use of the Infringing Mark has caused consumers to conclude falsely that there exists some affiliation, connection or association between Defendants and Eight Sushi Lounge. The actual and probable tendency and impact of Defendants' uses is to enable Defendants to deceive the public, including citizens of the State of Georgia for whose protection these Code Sections were enacted.

88.

Defendants' wrongful conduct constitutes unfair competition as prohibited by O.C.G.A. § 23-2-55.

89.

Defendants' aforesaid acts constitute unfair competition under the common law of the State of Georgia as follows:

(a)  Such acts will enable Defendants to obtain the benefit of and trade on the goodwill of Eight Sushi Lounge;

(b)  Such acts will damage Eight Sushi Lounge's goodwill in that Eight Sushi Lounge does not have control over the businesses and products of Defendants;

(c)  Such acts are likely to cause confusion, mistake, or deception of the public; and

(d)  Such acts will result in the unjust enrichment of Defendants.

90.

Defendants' infringement of Eight Sushi Lounge's Eight Sushi Lounge Marks is in willful and wanton disregard of Eight Sushi Lounge's rights in and to the same, and without the consent of Eight Sushi Lounge.

91.

The aforesaid acts of Defendants are greatly and irreparably damaging to Eight Sushi Lounge and will continue to be greatly and irreparably damaging to Eight Sushi Lounge unless enjoined by this Court, as a result of which Eight Sushi Lounge is without an adequate remedy at law.

**COUNT VI**

**Unfair Competition and Trade Dress Infringement In Violation of Section 43(a) of the Lanham Act**

92.

Eight Sushi Lounge repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

93.

By engaging in the aforesaid acts, Defendants represent falsely that they are affiliated, connected, or associated with Eight Sushi Lounge. Defendants are also falsely representing that their restaurant services are associated with Eight Sushi Lounge.

94.

Defendants actively and recklessly or knowingly committed the acts of unfair competition and trade dress infringement and thereby caused the unfair competition.

95.

Defendants Kurniawan and Kartasurya actively participated as a moving force in the decision for the corporate Defendant to engage in the unfair competition and trade dress infringement.

96.

Defendants caused the unfair competition and trade dress infringement as a whole to occur.

97.

The aforesaid acts of Defendants are greatly and irreparably damaging to Eight Sushi Lounge and will continue to be greatly and irreparably damaging to Eight Sushi Lounge unless enjoined by this Court, as a result of which Eight Sushi Lounge is without an adequate remedy at law.

**Jury Demand**

98.

Eight Sushi Lounge demands a trial by jury for all issues so triable.

**Prayer For Relief**

WHEREFORE, Eight Sushi Lounge requests the following relief against Defendants:

A.     That Defendants and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with it, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1)     using the marks "TEN SUSHI LOUNGE", "TEN SUSHI", or any other reproduction, counterfeit, copy, confusingly similar variant, or colorable imitation of the Eight Sushi Lounge Marks, in commerce in any medium;

(2)     advertising, marketing, offering for sale, providing or selling the infringing services;

(3)     using the Infringing Marks, or any reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' services are connected with Eight Sushi Lounge or are genuine Eight Sushi Lounge-licensed products or services;

(4)     continuing to use the Eight Sushi Lounge trade dress and/or any colorable imitation of the same, in relation to its own business, organizations, or related business endeavors;

(5)     committing any other acts that may cause the consuming public to believe that Defendants' services are genuinely licensed by Eight Sushi Lounge or otherwise provided for the benefit of Eight Sushi Lounge;

(6)      engaging in unfair and deceptive trade practices against Eight Sushi Lounge;

(7)      shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the infringing mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Eight Sushi Lounge Marks; and

(8)      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (5).

B.      That Defendants and any and all persons controlled by or acting in concert with it be required to deliver to Eight Sushi Lounge for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the infringing mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Eight Sushi Lounge Marks.

C.      That Defendants and any and all persons controlled by or acting in concert with it be required to surrender to Eight Sushi Lounge the infringing website <tensushilounge.com> and all means to access, control, modify, and/or delete the infringing website.

D.      That Defendant be required to account for and pay to Eight Sushi Lounge Defendants' profits from sales of the infringing services and any other product or service incorporating, copying, or imitating the Eight Sushi Lounge Marks or any other brand element of Eight Sushi Lounge, or sold under the infringing mark, and such sum in addition thereto as the Court shall find just.

E.      That this case be found exceptional and Eight Sushi Lounge be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

F.     That Eight Sushi Lounge recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Eight Sushi Lounge, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

G.     That Defendants be required to disgorge its profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

H.     That Eight Sushi Lounge have and recover the taxable costs of this civil action, including reasonable attorneys' fees, costs, and interest.

I.     That Eight Sushi Lounge be awarded punitive or exemplary damages in view of Defendants' reckless, willful, wanton acts committed with conscious disregard for the rights of Eight Sushi Lounge.

J.     That Eight Sushi Lounge have such other general and further relief as this Court deems just and proper.

Respectfully submitted, February 20, 2023.

*/s/Kennington R. Groff*
Kennington R. Groff
Zachary C. Eyster
BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686